

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE SOEHNGEN,

    Plaintiff,                    No. CIV S-03-1446 DFL KJM PS

    vs.

A. L. SUSINI, et al.,               FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        A status conference was held in this matter on April 21, 2004. No appearance was made for plaintiff and no appearance was made for defendants, who have not yet been served. Following the status conference, the undersigned learned that on April 16, 2004, plaintiff filed an amended complaint and an amended request for temporary restraining order.

        Upon consideration of the file in this action, and good cause appearing, THE COURT FINDS AS FOLLOWS:

        This action was filed July 7, 2003. In the order setting status conference, plaintiff was cautioned that failure to complete service of process within 120 days might result in dismissal of this action. No defendant has yet been served with summons.

        A status conference was held on December 3, 2003. Plaintiff failed to file a status report. At the status conference, plaintiff requested an extension of time to complete service of

1  process. That request was granted and plaintiff was granted until January 23, 2004 to complete
2  service of process. Plaintiff was cautioned that failure to comply with that order would result in
3  a recommendation that the action be dismissed. A further status conference was set at the
4  December 3, 2003 hearing for February 25, 2004.
5      Plaintiff failed to serve defendants by January 23, 2004. Instead, plaintiff filed a
6  request for temporary restraining order on January 20, 2004, and that matter was presided over by
7  the district judge assigned to the case. In light of the pending motion for restraining order and
8  the February hearing dates set by the district judge for consideration of the motion, the February
9  status conference before the undersigned was continued to April 21, 2004. At a hearing before
10 the district judge on February 17, 2004, plaintiff was directed to serve defendants with a copy of
11 the motion for temporary restraining order; the hearing minutes reflect that plaintiff stated he
12 could do so. After the hearing, however, plaintiff moved to recuse the assigned district judge,
13 which motion was granted. Several days before the April 21st status conference, plaintiff filed
14 his first amended complaint and amended motion for injunctive relief.
15     Since the December 2003 status conference, despite repeated statements to the
16 court that he will effect service, plaintiff has demonstrated no efforts whatsoever to serve
17 summons in this action, which has now been pending for nearly ten months. Moreover, plaintiff
18 failed to appear at the April 21, 2004 status conference and has offered no cognizable reason for
19 the lack of diligence in serving summons in this case.
20     Under the Federal Rules of Civil Procedure, the court may grant a request for
21 temporary restraining order without notice to the affected party

> only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

26 Fed. R. Civ. P. 65(b); see also L.R. 65-231(a) (providing for granting of restraining order without

notice only in "the most extraordinary of circumstances"). Here, plaintiff's complaint is not verified and his declaration in support of his request also is not signed under penalty of perjury. Plaintiff's unverified declaration does reference four past arrests since the year 2000 "for statements [] ma[d]e in the course and context of judicial proceedings," and states that he is "in fear" that he "will again be 'arrested' for statements that I make or may make in the course and context of judicial proceedings in this court." See Decl. In Supp. Of Ex Parte Mot. For Temporary Restraining Order, ¶¶ 5 & 8. However, none of the sketchy descriptions of past events plaintiff provides satisfies Rule 65's requirement that "specific facts" showing "immediate and irreparable injury" be provided to justify the court's acting without notice to defendants. A motion for injunctive relief may be denied on the basis of procedural defects alone. See Smith v. Knight, 2004 WL 789800, at *2 (N.D. Tex. Apr. 12, 2004) (report and recommendations), adopted, 2004 WL 813440 (N.D. Tex. Apr. 14, 2004); compare King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (pro se litigants bound by the rules of procedure, though pleadings liberally construed). Denial of plaintiff's motion on procedural grounds is appropriate here.

Under Federal Rule of Civil Procedure 4(m), the court may dismiss an action where service of summons is not made within 120 days after the filing of the complaint. Despite the voluminous pleadings in this matter filed by plaintiff in the nearly 300 days the case has been pending, nowhere is there any explanation of how plaintiff intends to prosecute this case in a manner that comports with due process and at the same time avoid serving defendants with summons.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended motion for temporary restraining order filed April 16, 2004, be denied; and

2. This action be dismissed under Federal Rule of Civil Procedure 4(m).

/////

1       These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 30, 2004.

UNITED STATES MAGISTRATE JUDGE

006
soehngen.4m.57

```
                    United States District Court
                              for the
                    Eastern District of California
                            May 3, 2004

                    * * CERTIFICATE OF SERVICE * *

                                          2:03-cv-01446

     Soehngen

          v.

     Susini

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  May 3, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


          George Soehngen                     HV/DFL
          92 Carlisle Way
          Benecia, CA   94510                 CF/KJM



                                          Jack L. Wagner, Clerk

                                          BY: _____
                                              Deputy Clerk
```